Roy E. DAVIS *v.* STATE of Arkansas

CR 94-521                                      877 S.W.2d 93

Supreme Court of Arkansas
Opinion delivered June 13, 1994

No response.

*Winston Bryant*, Att'y Gen., by: *Pamela Rumpz*, Asst. Att'y Gen., for appellee.

PER CURIAM. The State asks that Roy E. Davis be permitted to file a belated appeal pursuant to an order rendered by United States District Judge Henry Woods, stating that he would issue a writ of habeas corpus on Davis' behalf unless the State of Arkansas grants Davis' motion for belated appeal.

Davis was charged in the Pulaski County Circuit Court with first degree murder and found guilty. He was represented by retained counsel, Ralph Cloar. As a result, the trial Judge, Floyd Lofton, made the following docket entries on his Register of Actions:

> 2/28/88   Jury returned at 5:15 p.m. and assessed punishment at life in Dept. of Correction — Passed to 4/28/88 for notice of intent to appeal. Def. is indigent.

> 3/28/88   No notice of intent to appeal — Cloar did not appear — Df. is in A.D.C. — case closed.

The record is silent as to other proceedings at trial level other than a notation in the register dated August 28, 1990, that: "order denying post conviction relief mailed." The record does not reflect a formal judgment by the trial court, nor does it reflect a notice of appeal or an order relieving Mr. Cloar as counsel.

Thereafter, Davis filed an application for writ of habeas corpus in the United States District Court. The U.S. Magistrate found that Davis had not received effective assistance of counsel in connection with his undisputed wish to appeal, and that, Mr. Cloar, as Davis' unrelieved counsel, remained responsible for representing Davis or ensuring that the public defender did so. Pursuant to these findings, the Magistrate Judge concluded that a writ of habeas corpus issue unless the State of Arkansas grants Davis' motion for belated appeal. The United States District Judge adopted the Magistrate Judge's proposed findings and disposition in an order entered April 13, 1994.

■   We concur in the view that, under the circumstances, attorney Cloar's failure to file a notice of appeal should not deprive Davis of his right to appeal and that Davis is entitled to a belated appeal and that the failure to perfect the appeal is attributable to Mr. Cloar, Davis' attorney of record, since he had not been relieved as Davis' counsel. Rule 36.26 of the Arkansas Rules of Criminal Procedure provides:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to

withdraw in the interest of justice or for other sufficient cause.

For these reasons, we grant Davis' motion for a belated appeal and send a copy of this order to the Committee on Professional Conduct.