**Marlin J. BROECKEL, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–5370.

Court of Appeals of Alaska.

Aug. 18, 1995.

A. Lee Petersen, Anchorage, for appellant.

Kenneth M. Rosenstein, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

### OPINION

BRYNER, Chief Judge.

Marlin J. Broeckel was convicted by a jury of one count of sexual assault in the first degree, AS 11.41.410(a)(1). Superior Court Judge Charles K. Cranston entered judgment against Broeckel on November 1, 1991. Broeckel's attorney did not file an appeal. On March 6, 1992, Broeckel filed a *pro se* application for post-conviction relief, claiming that his trial counsel had been ineffective in advising Broeckel to waive his right to testify and in failing to file a notice of appeal. Broeckel subsequently obtained the services of a new attorney. Following an evidentiary hearing at which Broeckel and his trial counsel both testified, Judge Cranston denied Broeckel's application for post-conviction relief. Broeckel appeals.

Broeckel first contends that Judge Cranston erred in concluding that his trial counsel had no duty to file a timely notice of appeal on Broeckel's behalf. The essential facts are undisputed. After the jury returned its verdict of conviction, Broeckel, evidently surprised and disappointed, became disenchanted with his court-appointed trial counsel. Some time prior to sentencing, Broeckel's parents contacted a private attorney about taking over the case. The attorney, however, advised that it would be best for Broeckel's trial counsel to continue with representation until sentencing was completed and a notice of appeal filed. The new attorney wrote Broeckel's trial counsel a letter, informing trial counsel that the new attorney had "tentatively" agreed to represent Broeckel on appeal. The letter also suggested that it would be best if trial counsel filed the notice of appeal.

After being sentenced, Broeckel instructed his trial counsel to do nothing further in the case, saying that his parents had arranged for a private attorney to handle the appeal. Nevertheless, Broeckel thereafter evidently sent his trial counsel a letter stating:

I realize you asked that I prepare a list of appeal points that I felt were applicable for your use but will not be doing so at this time. I believe that after you've filed notice of appeal and the appeal points, [new counsel] will be appearing as my counsel shortly afterwards and this will result in his additional research of appeal points and an addendum to them. Between [new counsel's] research and yours, it should be sufficient enough to bring forth *ALL* the appeal points concerning my criminal case. So please do the best you can in a timely matter. (Emphasis in original.)

Trial counsel, however, concluded that he had no further responsibility toward Broeckel. Without any attempt to withdraw formally from the case or to substitute new counsel, and without any additional communication with or notice to either Broeckel or the new attorney Broeckel's parents had tentatively retained, trial counsel allowed the deadline for the filing of a notice of appeal to pass and did nothing further in the case.

At the hearing on Broeckel's application for post-conviction relief, trial counsel explained:

[Broeckel] was informed that he had—at the sentencing, he had thirty days to appeal, and he told me at that time, and my recollection is he told me, "Don't touch it. I—my family's hired an attorney. He'll do the appeal."

When trial counsel was asked if he had received a letter from Broeckel's retained attorney suggesting that trial counsel file the notice of appeal, trial counsel replied:

> What I recall is that—is that ... you'd written that it would be helpful to have my input in filing the notice of appeal. The point is whether—whether you believed I should do it or not, my client had told me not to file it, and he ... knew exactly what he was getting into. He knew exactly what the deadlines were, and if he didn't follow through on it, I don't feel that's my responsibility.

In denying Broeckel's post-conviction relief application, Judge Cranston agreed with trial counsel that, upon being instructed not to file an appeal, counsel owed Broeckel no further duty. Judge Cranston ruled:

> [Trial counsel] testified that after the sentencing hearing in front of Judge Cranston, Broeckel informed him not to touch the case, that his family had retained private counsel.... [Trial counsel] recalls receiving a letter from [Broeckel's new attorney] requesting the filing of a notice of appeal. [Trial counsel] declined to do so, claiming that the appeal was not his responsibility, based upon the specific instruction from Broeckel. The Court concludes that [trial counsel] had no duty to file a notice of appeal since Broeckel had told [trial counsel] to do nothing further and that he had retained private counsel. Since [trial counsel] had no duty to represent Broeckel with respect to any appeal, Broeckel's ineffective assistance claim, as to that ground, must fail.

On appeal, the state acknowledges that Judge Cranston erred in evaluating the scope of trial counsel's duty toward Broeckel. The state's concession is well taken.

Having been appointed to represent Broeckel at trial, trial counsel had no authority to withdraw unilaterally from the representation of his client. Under Appellate Rule 517(b), withdrawal could have been effected only by motion or by filing, with the approval of the court, a stipulation for withdrawal or substitution of attorneys, executed by trial counsel, Broeckel, and any substituted attorney. Nor does it matter that Broeckel's original attorney had been appointed to represent Broeckel at the trial level. Under the express provisions of Appellate Rule 209(b)(4), trial counsel had an ongoing duty toward his client and was expressly precluded from withdrawing from the case until a notice of appeal had been filed:

> Counsel appointed to represent a defendant in the trial court pursuant to Criminal Rule 39 shall remain as appointed counsel throughout an appeal at public expense authorized under this paragraph and shall not be permitted to withdraw except upon the grounds authorized in Administrative Rule 12. An attorney appointed by the court under Administrative Rule 12(b)(1)(B) will be permitted to withdraw upon a showing that either the public defender agency or the office of public advocacy is able to represent defendant on appeal. *If an appeal is to be taken, trial counsel will not be permitted to withdraw until the notice of appeal and the documents required to be filed with the appeal by Rule 204 have been accepted for filing by the clerk of the appellate courts.* (Emphasis added.)

These rules touch upon concerns that are inherent in and fundamental to traditional notions of an attorney's duties toward a client. DR 2–110(A)(2) of the Code of Professional Responsibility, which was in effect during Broeckel's case, states:

> In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

An attorney ordinarily has no duty to preserve a client's right to appeal when the attorney has been advised that the client has no wish to appeal. *See, e.g., United States v. Mosley,* 967 F.2d 242, 243 (7th Cir.1992). In the present case, however, there is no question that Broeckel at all times intended to pursue an appeal. Although Broeckel instructed trial counsel do

nothing further in the case, the instruction was expressly based on Broeckel's representation that a new attorney would be handling the matter. Trial counsel's unilateral and unformalized withdrawal of representation violated Appellate Rules 209 and 517, as well as DR 2–110(A)(2) of the Code of Professional Responsibility. Particularly in view of trial counsel's failure to inform either Broeckel or Broeckel's tentatively retained new counsel of his functional withdrawal from the case, we conclude that trial counsel failed to provide Broeckel with a minimally competent level of representation. *Risher v. State*, 523 P.2d 421 (Alaska 1974).

In an effort to show that he was prejudiced by his trial counsel's failure to file a notice of appeal, Broeckel has advanced and briefed several issues that he claims might have been meritorious had he been allowed to raise them. The state addresses the merits of these issues, arguing that in actuality they have no legal merit. Although essentially conceding that Broeckel received ineffective assistance of counsel, the state argues that he has failed to show prejudice.

■ Federal courts, however, appear almost unanimous in concluding that no prejudice need be shown when ineffective assistance of counsel consists of an attorney's failure to preserve the right of a client to appeal; these cases hold that upon a showing of ineffective assistance, the automatic remedy should be restoration of the right to appeal. *See, e.g., Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir.1994); *see also United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir.1988); *accord Davis v. State*, 317 Ark. 322, 877 S.W.2d 93, 94 (1994).

The approach taken by these cases makes sense, for an attorney who incompetently fails to file a notice of appeal deprives the client of the right to an appeal, not just the right to a successful appeal. Moreover, insisting on a showing of prejudice before allowing an appeal seems a fruitless exercise, since any determination of prejudice in this context will necessarily entail almost the same analysis that would be required in deciding the appeal on its merits. Finally, requiring that prejudice be shown as a condition of allowing an untimely appeal would be of questionable value, since it would impose on the trial court the essentially circular task of reviewing the propriety of its own legal decisions. We agree with the federal cases and hold that Broeckel, having shown that his trial counsel acted ineffectively in failing to file a timely notice of appeal, is under no obligation to establish prejudice. Broeckel is entitled to the appeal of which he was earlier deprived.[1]

Broeckel raises one additional argument: that Judge Cranston erred in rejecting Broeckel's claim that his trial counsel acted ineffectively in advising Broeckel not to testify. Broeckel does not maintain that his trial

---

1. Because Broeckel has raised and briefed issues that he might have raised and briefed had he been accorded his right to appeal at the outset, and because the state has responded to the merits of Broeckel's proposed appellate arguments, we could conceivably provide Broeckel his remedy by simply deciding on their merits the issues he has raised in his current briefs. However, as we have already observed, Broeckel has raised and briefed these issues in an effort to meet the requirement of showing prejudice resulting from his trial counsel's ineffective assistance. To establish prejudice under the *Risher* standard— which both parties assumed applicable to this case—Broeckel needed only to create a reasonable doubt as to the existence of a potentially meritorious issue. Since the current briefing represents Broeckel's attempt to create a reasonable doubt as to prejudice, it is not altogether clear that the issues he has briefed are the only ones he desires to raise on appeal or that he has briefed them as comprehensively as he might in the context of an appeal on the merits. Accordingly, we deem it necessary to restore Broeckel's right to appeal *in toto*. Broeckel will be allowed thirty days after the return of jurisdiction to the superior court to file a notice of appeal and may thereafter pursue the appeal in the manner prescribed by the appellate rules. Nevertheless, if Broeckel does not seek to raise any additional issues and wishes to rely on the currently submitted briefing, he may simply request this court, within the thirty-day period for filing a notice of appeal, to treat the current briefing as his appeal. If Broeckel elects to have this court consider his current briefing to be his appeal, the state may also elect to submit its case based on its current briefing.

counsel usurped Broeckel's decision by advising him not to testify. *See LaVigne v. State,* 812 P.2d 217 (Alaska 1991). And he concedes that his trial counsel had a tactical reason for advising Broeckel not to take the stand. Broeckel nevertheless maintains that trial counsel was ineffective because the tactic he pursued was unsound.

■ The standard for ineffective assistance is one of minimal competence; to establish ineffective assistance, the defendant must show "a level of performance that no reasonably competent attorney would provide." *State v. Jones,* 759 P.2d 558, 568 (Alaska App.1988) (citations omitted). Thus, to prevail on his claim, Broeckel would have to establish that his trial counsel's tactic was so unreasonable that no reasonably competent attorney would have employed it. At the evidentiary hearing below, trial counsel explained at length his decision to advise Broeckel not to testify and the factors he considered in reaching that decision. Judge Cranston found counsel's explanation credible and concluded that counsel had not performed ineffectively. The record supports Judge Cranston's decision. Having reviewed the record, we conclude that trial counsel's reasons for advising Broeckel not to testify fall well within the permissible zone of competent representation.

The superior court's order rejecting Broeckel's claim of ineffective assistance of counsel at trial is AFFIRMED. The superior court's order rejecting Broeckel's claim of ineffective assistance of counsel for failure to file a notice of appeal is REVERSED.