95-2265

Nathaniel Hughes,                *
                                 *
              Appellant,         *
                                 *   Appeal from the United States
         v.                      *   District Court for the
                                 *   Eastern District of Arkansas.
Larry Norris, Director,          *
Arkansas Department of           *          [UNPUBLISHED]
Correction,                      *
                                 *
              Appellee.          *


                    Submitted:  December 11, 1995

                    Filed:


Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.


PER CURIAM.


     Nathaniel Hughes appeals the district court's denial of his habeas corpus petition, brought under 28 U.S.C. § 2254, in which he claims his counsel was ineffective for failing to appeal his state court convictions. We affirm.

     In September of 1988, Hughes was convicted of first degree murder, aggravated robbery, and kidnapping in the circuit court of Pulaski County, Arkansas.  He received a life sentence.  After his convictions, he requested that his trial counsel file an appeal.  Counsel responded that he would do so, but that it would take some time.  In the following year, Hughes attempted to contact his counsel regarding the appeal, but he did not receive any response.  In 1990, Hughes discovered that his counsel had died of cancer.

Three years later, and five years after his convictions, Hughes obtained a copy of the trial record and learned that his counsel had not even filed a notice of an appeal. Thereafter, Hughes submitted three separate motions to the Arkansas Supreme Court, requesting that the court grant him a belated appeal, pursuant to Rule 36.9 of the Arkansas Rules of Criminal Procedure, or post-conviction relief under Rule 37. The Arkansas Supreme Court declined to consider the motions because Hughes had not complied with either rule's procedural requirements. On October 12, 1994, Hughes filed this federal petition for writ of habeas corpus, seeking relief for his counsel's failure to file an appeal on his behalf. The district court denied his petition. This appeal follows.

Under both Arkansas and federal law, relief must be granted to a criminal defendant who, through no fault of his own, is denied a direct appeal. A criminal defendant has a right to a direct appeal and actual or constructive denial of counsel in a direct appeal is legally presumed to result in prejudice. Penson v. Ohio, 488 U.S. 75, 88 (1988); Estes v. U.S., 883 F.2d 645, 649 (8th Cir. 1989). Thus, in a claim of ineffective assistance of counsel on a direct appeal, where counsel has failed to appeal or to withdraw, there is no need to prove that petitioner would have succeeded on the appeal or that the appeal had a certain level of merit to it.

In Arkansas, a criminal defendant who has been denied a direct appeal due to an attorney error can seek relief under Rule 36.9(e), which permits the defendant to apply to the Arkansas Supreme Court for a belated appeal. See Ark. R. Crim. P. 36.9(e) (Ark. Code Ann. 1987); see also, State v. Ellis, 637 S.W.2d 588 (Ark. 1982) (per curiam) (such applications routinely granted when failure to timely appeal results from attorney error). Although the language of Rule 36.9(e) limits the consideration of belated appeals to eighteen months post conviction, the Arkansas Supreme Court has on at least one occasion considered an appeal presented beyond that time limit.

2

<u>Davis v. State</u>, 877 S.W.2d 93, 94 (Ark. 1994).  Moreover, in certain circumstances, the eighteen-month, state-law time bar might be inadequate to foreclose federal review.  <u>See</u> <u>Ellis v. Lockhart</u>, 875 F.2d 200, 201 (8th Cir. 1989).

In this case, however, the significant delay in a direct appeal cannot be attributed solely to attorney error.  Hughes waited more than three years after learning about his attorney's death before pursuing an appeal in the Arkansas system.  Given Hughes's substantial contribution to the delay, we agree that relief should not be granted.  In addition, Hughes has not presented any evidence of innocence such that we should consider the merits of his federal claim pursuant to <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986).

Accordingly, we affirm the decision of the district court and deny Hughes's petition for writ of habeas corpus.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.