Mario A. ALLEN, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 46A04–1106–PC–353.

Court of Appeals of Indiana.

Dec. 29, 2011.

David E. Vandercoy, Geneva Brown, Kyle Fogwell—Certified Legal Intern, Valparaiso University Law Clinic, Valparaiso, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Mario Allen appeals the LaPorte Superior Court's denial of his petition for post-conviction relief. Although Allen agrees with the post-conviction court's finding that he was denied the assistance of appellate counsel, he argues that the proper remedy is a new trial. The State also agrees with the post-conviction court's finding that Allen was denied the assistance of appellate counsel, but claims that the proper remedy is simply to permit Allen to proceed with the direct appeal that he was denied. We agree with the State and reinstate Allen's direct appeal.

### Facts and Procedural History

The relevant facts of this case are essentially undisputed. Allen was convicted of Class B felony attempted robbery and Class B felony robbery on May 27, 2004. He was also determined to be an habitual offender. On June 24, 2004, the trial court sentenced Allen to an aggregate term of forty-five years.

Following sentencing, a public defender was appointed to represent Allen on appeal, and this counsel timely filed a notice of appeal on July 20, 2004. On December 6, 2004, after the filing of the notice of completion of clerk's record and transcript, Allen's counsel moved to withdraw his appearance, citing a conflict of interest. Allen's counsel also sought an extension of time in which to file his appellant's brief. This court subsequently granted both motions. In our February 2, 2005 order granting Allen's counsel's motion to withdraw, we noted that this court has no funds to pay for the services of appointed counsel, and we directed Allen to apply to the trial court for the appointment of subsequent pauper counsel to proceed with his appeal. No substitute counsel was ever appointed.

Allen subsequently filed various motions in this court seeking relief based on the lack of appellate counsel, which we denied. On May 9, 2005, we ordered the LaPorte Superior Court No. 1 to appoint successive appellate pauper counsel for Allen, and granted a ninety-day extension to file the appellant's brief. The then-judge of the LaPorte Superior Court No. 1 still failed to appoint counsel for Allen. Allen then filed various other pro se filings with this court, including a "complaint" and a "mo-

tion for automatic reversal," all of which were denied. On September 20, 2005, we dismissed Allen's appeal for failure to file an opening brief.

On August 27, 2008, Allen filed a petition for permission to pursue a belated appeal pursuant to Indiana Post Conviction Rule 2(3).[1] The motions panel of this court denied this petition on September 15, 2008, with one judge dissenting. On December 1, 2010, Allen filed a petition for post-conviction relief under Post Conviction Rule 1, alleging that he had been wholly denied the assistance of counsel in his attempt to pursue a direct appeal. The post-conviction court held a hearing on Allen's petition on March 18, 2011.

At the hearing, Allen argued that he was denied the assistance of counsel during his direct appeal and that the appropriate remedy was either his immediate release or to grant him a new trial. The State conceded that Allen had been denied the right to counsel during his direct appeal but noted that this did not necessarily affect the validity of Allen's convictions or sentence. Therefore, the State argued that the appropriate remedy was to permit Allen to pursue his direct appeal with the assistance of counsel. On June 17, 2011, the post-conviction court entered findings of fact and conclusions of law determining that Allen had indeed been denied the assistance of appellate counsel. The post-conviction court agreed with the State that Allen was not entitled to immediate release or a new trial. But the post-conviction court concluded that it was without

the authority to reinstate Allen's direct appeal itself. Allen now appeals.

**Discussion and Decision**

 On appeal, Allen argues, and the State again concedes, that Allen was denied the assistance of counsel on his direct appeal. We agree. Despite our May 9, 2005 order directing the trial court to appoint appellate counsel for Allen, no such counsel was ever appointed. " 'A person convicted of, or sentenced for, a crime by a court of this state has a constitutional right to appeal that conviction or sentence directly to either' this court or our supreme court." *Owens v. State*, 822 N.E.2d 1075, 1077 (Ind.Ct.App.2005) (quoting *Miller v. State*, 702 N.E.2d 1053, 1058 (Ind.1998)). And the Sixth Amendment to the United States Constitution entitles a criminal defendant to effective assistance of counsel during his first appeal as of right. *Taylor v. State*, 840 N.E.2d 324, 337 (Ind.2006) (citing *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)).

Here, it is undisputed that, despite our clear order directing that new appellate counsel be appointed for Allen, no such appointment was made. As a result, Allen's appeal was not effectively prosecuted and was ultimately dismissed. We therefore agree with the post-conviction court, Allen, and the State that Allen was denied his right to the assistance of counsel during his direct appeal. *See Roe v. Flores–Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (holding that when counsel's deficient performance deprives a defendant of an appeal he would have oth-

---

1. This rule provides:

 An eligible defendant convicted after a trial or plea of guilty may petition the appellate tribunal for permission to pursue a belated appeal of the conviction or sentence if:

 (a) the defendant filed a timely notice of appeal;

 (b) no appeal was perfected for the defendant or the appeal was dismissed for fail-

 ing to take a necessary step to pursue the appeal;

 (c) the failure to perfect the appeal or take the necessary step was not due to the fault of the defendant; and

 (d) the defendant has been diligent in requesting permission to pursue a belated appeal.

erwise taken, the defendant has made out a successful claim of ineffective assistance of appellate counsel); *Castellanos v. United States*, 26 F.3d 717, 718–19 (7th Cir. 1994) (noting that if appellate counsel files a notice of appeal but then files no brief, such constitutes abandonment, which is a per se violation of the Sixth Amendment right to counsel) (citing *United States v. Cronic*, 466 U.S. 648, 658–59, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)).

■ The only dispute between the parties concerns the appropriate remedy. Allen claims that he is entitled to a new trial. The State claims that the proper remedy is simply for us to provide Allen with the opportunity to present his direct appeal. We agree with the State. The deprivation of Allen's right to appeal had nothing to do with his trial. And if any reversible error occurred during Allen's trial or sentencing, then he will be able to present such error in a reinstated direct appeal.

The parties have not referred us to any Indiana case that has directly addressed this issue, but other jurisdictions have come to similar conclusions. For example, in *Castellanos*, the Seventh Circuit Court of Appeals concluded that if a defendant requested an appeal, but appellate counsel failed to perfect an appeal, then "the court should enter an order providing the appropriate relief for the ineffective assistance: the defendant receives the right to an appellate proceeding, as if on direct appeal, with the assistance of counsel." 26 F.3d at 720.

Similarly, in *McHale v. United States*, 175 F.3d 115, 120–21 (2d Cir.1999), the court concluded that where the defendant's counsel failed to perfect a direct appeal, the appropriate remedy was reinstatement of the defendant's direct appeal. And in *Dodd v. Knight*, 533 F.Supp.2d 844, 852 (N.D.Ind.2008), the defendant's appellate counsel followed the *Davis/Hatton* proce-

dure, but then failed to present any issues regarding direct appeal. The court concluded that this deprived the defendant of his right to counsel on direct appeal. *Id.* at 852–53. The court further concluded that the appropriate remedy for such a deprivation was for the defendant to be provided a direct appeal. *Id.* at 854. *See also Broeckel v. State*, 900 P.2d 1205, 1208 (Alaska Ct.App.1995) (where defendant's counsel failed to timely perfect an appeal, the remedy was to give the defendant the appeal which he had been deprived).

Allen claims, however, that both res judicata and the law of the case doctrine prevent us from providing him with the remedy of a direct appeal. Allen argues that the September 15, 2008 order of the motions panel of this court denying his petition for permission to pursue a belated appeal prevents us from considering the issue of whether he should be provided with a direct appeal. We disagree. At issue in that petition, filed under Post–Conviction Rule 2(3), was whether the failure to perfect Allen's direct appeal was due to any fault on Allen's part and whether Allen had been diligent in requesting permission to file a belated appeal. *See* P–C.R. 2(3)(b), (c). We made no decision on the merits of Allen's direct appeal, nor did we rule on whether Allen had been deprived of the right to appellate counsel.

Accordingly, we see no impediment to affording Allen a direct appeal as an appropriate remedy for the denial of his right to appellate counsel. We therefore conclude that Allen is entitled to pursue his direct appeal, and, contemporaneous with this opinion, we issue an order directing the Clerk of this court to reinstate Allen's direct appeal. Thus, we affirm the post-conviction court's conclusion that Allen was denied the assistance of appellate counsel and remand with instructions that

the trial court appoint Allen counsel to represent him on appeal.

Affirmed in part and remanded.

FRIEDLANDER, J., and RILEY, J., concur.