## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Nov 04 2015, 8:16 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Mario Allen
Pendleton Correction Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mario Allen<br><br>*Appellant-Petitioner,*<br><br>v.<br><br>Wendy Knight, Superintendent<br>of Correctional Industrial<br>Facility,<br><br>*Appellee-Respondent.* | November 4, 2015<br><br>Court of Appeals Case No.<br>48A02-1505-MI-416<br><br>Appeal from the Madison Circuit<br>Court.<br>The Honorable Thomas Newman,<br>Jr., Judge.<br>Cause No. 48C03-1503-MI-248 |

**Garrard, Senior Judge**

[1]     Mario Allen appeals from the trial court's order transferring a petition for writ of habeas corpus filed in the county of his incarceration to the county where he

was tried and sentenced, contending that the trial court abused its discretion by failing to rule on the merits of his petition. We affirm.

[2] On June 24, 2004, Allen received an aggregate sentence of forty-five years for his convictions of robbery,[1] attempted robbery,[2] and the enhancement for his habitual offender adjudication in the LaPorte Superior Court. Allen is incarcerated at the Pendleton Correctional Industrial Facility in Madison County.

[3] Allen timely initiated a direct appeal of his sentence on July 20, 2004; however, the public defender moved to withdraw from the matter citing a conflict of interest and sought an extension of time in which to file the opening brief. This Court granted both motions, but directed Allen to apply to the trial court for the appointment of subsequent pauper counsel to proceed with his appeal. No substitute counsel was appointed and after Allen filed numerous pro se motions with this Court, we issued an order directing the trial court to appoint successor pauper counsel for Allen. When the trial court failed to do so, we dismissed Allen's appeal for failure to file an opening brief. After unsuccessfully attempting to obtain permission to pursue a belated appeal pursuant to Indiana Post-Conviction Rule 2(3), Allen filed a petition for post-conviction relief alleging ineffective assistance of counsel for his failed attempt to pursue a direct

---

[1] Ind. Code § 35-42-5-1 (1984).

[2] Ind. Code § 35-42-5-1 (robbery); Ind. Code § 35-41-5-1 (1977) (attempt).

appeal. The State conceded, and the trial court agreed, that Allen had been denied the right to counsel during his direct appeal. While the trial court agreed with the State that Allen was not entitled to immediate release or a new trial, the post-conviction court concluded that it was without the authority to reinstate Allen's direct appeal. On appeal from that decision, we concluded that the appropriate remedy was to allow Allen to pursue his direct appeal with the assistance of appellate counsel appointed by the trial court, and reinstated his appeal. *See Allen v. State*, 959 N.E.2d 343 (Ind. Ct. App. 2011), *trans. denied*. We later affirmed his convictions on direct appeal. *See Allen v. State*, 994 N.E.2d 316 (Ind. Ct. App. 2013).

[4] On March 27, 2015, Allen filed a verified petition for writ of habeas corpus in the Madison Circuit Court alleging that "[b]ecause the June 17, 2011 grant of the Petitioner's Indiana Post Conviction Rule 1 Petition has caused the Petitioner to be releaved [sic] of the commitment to serve in Respondent's custody a sentence for a conviction imposed by the LaPorte County Superior Court the Restraint of Petitioner is unlawful." Appellant's App. p. 12.

[5] It is clear from Allen's petition that he is attacking the validity of his convictions and sentence and mistakenly believes that by granting him the opportunity to pursue a direct appeal this Court has overturned his convictions and sentence. Such is not the case as his convictions were affirmed on direct appeal. Both case law and the Rules of Procedure for Post-Conviction Relief support the Madison Circuit Court's conclusion that it had jurisdiction to receive the filing of the petition for writ of habeas corpus, but the petition must then be

transferred to the court where the petitioner was convicted or sentenced, LaPorte Superior Court. Ind. Post-Conviction Rule 1(1)(c); *Miller v. Lowrance*, 629 N.E.2d 846, 847 (Ind. 1994).

Affirmed.

Riley, J., and Pyle, J., concur.