## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 05 2017, 6:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

George A. Foote
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| George A. Foote, | April 5, 2017 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 28A01-1607-PC-1726 |
| v. | Appeal from the Greene Circuit Court |
| State of Indiana, | The Honorable Erik Allen, Judge |
| *Appellee-Respondent* | Trial Court Cause No. 28C01-0909-PC-141 |

**Riley, Judge.**

[1] In a memorandum decision, handed down on December 27, 2016, we concluded that the Appellant-Petitioner, George A. Foote (Foote), had not been denied ineffective assistance of appellate counsel based on the failure of his appellate counsel to raise certain direct appeal issues. *Foote v. State*, No. 28A01-1607-PC-1726, 2016 WL 7471947, at *6 (Ind. Ct. App. Dec. 27, 2016). Foote's appellate counsel had utilized the *Davis/Hatton* procedure to suspend Foote's direct appeal in order to pursue post-conviction relief. *Id.* at *2. Upon the denial of Foote's post-conviction relief petition, his appellate attorney filed an appeal and raised only issues pertaining to the denial of the post-conviction relief petition. *Id.* We determined that even if his appellate counsel had raised the sentencing issue that Foote claimed should have been argued as a direct appeal matter, Foote would not have prevailed on the merits; therefore, his appellate counsel did not render ineffective assistance of counsel by failing to raise issues on direct appeal. *Id.* at *6. Nevertheless, we now grant rehearing for the limited purpose of addressing Foote's claim that he received ineffective assistance of appellate counsel because his attorney denied him access to a direct appeal.[1]

[2] It is well established that there are three categories of ineffective assistance of counsel claims: "(1) denying access to an appeal; (2) failing to raise issues; and

[1] The State did not file a response to Foote's petition for rehearing.

(3) failing to present issues competently." *Dawson v. State*, 810 N.E.2d 1165, 1173 (Ind. Ct. App. 2004) (citing *Timberlake v. State*, 753 N.E.2d 591, 604 (Ind. 2001)), *trans. denied*. We noted in our memorandum decision that Foote primarily relied upon the second category of appellate counsel ineffectiveness: failing to raise issues. Foote now contends that our court failed to address his alternative argument that his appellate counsel was ineffective because he denied Foote access to an appeal by failing to reinstate Foote's direct appeal. Although Foote, in his appellate brief, did not explicitly argue that he had been denied access to an appeal, he did rely upon *Dodd v. Knight*, 533 F. Supp. 2d 844 (N.D. Ind. 2008).

[3]     In *Dodd*, following the defendant's conviction for murder, appellate counsel utilized the *Davis/Hatton* procedure to stay the direct appeal in order to pursue an ineffective assistance of counsel claim via a petition for post-conviction relief. *Id.* at 846. Following the denial of the defendant's petition for post-conviction relief, appellate counsel appealed but "did not raise *any* direct appeal issues despite previously telling the court of appeals that there were a number of trial errors ripe for appeal. Instead, the appeal rested solely on the post-conviction review issue of ineffective assistance of counsel." *Id.* at 847. After this court affirmed the denial of the defendant's post-conviction relief petition and the supreme court denied transfer (and after unsuccessfully attempting to file successive post-conviction relief petitions), the defendant filed a petition for a writ of habeas corpus with the federal district court in the Northern District of Indiana. *Id.*

The district court stated that "[w]hen a criminal defendant is effectively denied any direct appeal because of his counsel's deficient performance, the petitioner is entitled to a new appeal without further analysis of prejudice and without a showing that the appeal has merit." *Id.* at 851. While the denial of a direct appeal is *per se* ineffectiveness and demands a new appeal, a strategic decision to raise certain issues on appeal is not presumptively prejudicial. *Id.*

> Because the direct appeal and the post-conviction appeal are separate, albeit consolidated for efficiency, each retains its own unique characteristics. And while a defendant does not have a constitutional right to the effective assistance of counsel on post-conviction review, he does have a right to a direct appeal of his criminal conviction, and a constitutional right to the effective assistance of counsel on that direct appeal. Appellate counsel's failure "to show up for appeal—which can occur either if the lawyer fails to initiate the appeal or if the lawyer fails to prosecute the appeal," denies the defendant "of more than a *fair judicial proceeding*," it deprives him "of the appellate proceeding altogether."

*Id.* at 852 (internal citations omitted). The district court found it particularly troubling that appellate counsel had specifically acknowledged that there were viable issues to be raised on direct appeal but subsequently failed to raise those errors in the consolidated appeal. *Id.* at 853. Ultimately, the court determined that the case "should be analyzed under the *per se* standard" such that if the defendant could "demonstrate that he instructed his counsel to pursue a direct appeal and counsel failed to do so, [the defendant] is entitled to a new appeal." *Id.*

[5]     The case at bar is distinct from *Dodd*. Foote offers no argument that he had directed his appellate counsel to pursue a direct appeal. Moreover, there is no indication in the record that his appellate counsel believed Foote had a viable sentencing claim to raise on direct appeal but simply failed to follow through. In fact, Foote's appellate counsel testified that post-conviction relief was Foote's best chance for relief because he did not see any "just absolutely . . . powerful direct appeal issues." (P-CR Tr. p. 79). Accordingly, this is not a case in which Foote's appellate counsel failed to prosecute an appeal, automatically entitling Foote to a new appeal based on *per se* ineffectiveness. *See, e.g.*, *Allen v. State*, 959 N.E.2d 343, 345-47 (Ind. Ct. App. 2011) (holding that defendant was entitled to a new appeal based on a *per se* denial of ineffective assistance where appellate counsel was never appointed to prosecute the appeal, resulting in the dismissal of the appeal), *habeas corpus denied*. Rather, the record reveals that this is a situation where Foote's appellate counsel made a strategic decision to raise certain issues in the consolidated appeal. Because we have already determined that Foote suffered no prejudice in light of the fact that he would not have prevailed on the sentencing issue on direct appeal, he is not entitled to relief on rehearing. Accordingly, we affirm our earlier decision in all respects.[2]

[6]     Crone, J. and Altice, J. concur

---

[2] We decline Foote's request to reconsider our conclusion in the original decision that he waived his claim that his convictions for Class A felony child molesting are unconstitutional.