Lamar OWENS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 15A01–0406–CR–271.

Court of Appeals of Indiana.

Feb. 25, 2005.

Leanna Weissmann, Lawrenceburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BAKER, Judge.

Appellant-defendant Lamar Owens brings this interlocutory appeal following the trial court's grant of the State's motion to amend Owens's charging information. Specifically, Owens contends that it was error for the trial court to allow the State to add an additional charge following his first successful appeal to this Court. Finding that no new evidence or informa-

tion was discovered that would allow the State to increase the number of charges brought against Owens, and further concluding that the filing of additional charges in these circumstances would have the effect of penalizing Owens for exercising his right to an appeal, we reverse the order of the trial court and remand with instructions to dismiss the added charge relating to Owens's activities on May 7, 2002.

## FACTS

On May 5, 2002, Officer Kendal Davis of the Greendale Police Department sent a confidential informant (CI) to buy cocaine from Timothy Baker. The CI went to Baker's residence in Lawrenceburg, and the two of them drove to Lawrenceburg Village Apartments, where Baker bought crack cocaine from Owens.

On May 7, 2002, the CI contacted Baker, saying he wanted more cocaine. Baker called Owens, who brought cocaine to Baker's home and sold the cocaine to the CI and to Baker. Baker was arrested that evening, and he told the police we would assist them in their investigation of Owens. On May 8, 2002, Baker telephoned Owens to arrange the sale of some cocaine. Owens agreed and told Baker to meet him at Baker's home at nine o'clock that evening. When Owens arrived at approximately 9:20 p.m., the police arrested him.

The State charged Owens with Dealing in Cocaine,[1] a class B felony, for the May 5, incident, Conspiracy to Deliver Cocaine,[2] a class B felony, for the May 8 incident, and Possession of a Schedule IV Controlled Substance,[3] a class D felony. Owens was not charged for the May 7, 2002 transaction. During the jury trial, the State elicited evidence of the uncharged

conduct from May 7, 2002, including admitting into evidence the rock of cocaine from that transaction. The jury found Owens guilty as charged, and the trial court sentenced him to twenty years of incarceration with the Department of Correction for each of the dealing and conspiracy to deliver convictions and to three years of incarceration with the Department of Correction for the possession conviction, to be served concurrently.

Owens thereafter appealed to this court, successfully arguing that the admission of evidence regarding the uncharged May 7, 2002 sale constituted fundamental error in spite of his failure to object to the evidence. *Owens v. State*, 15A01–0304–CR–137, 801 N.E.2d 212 (Ind.Ct.App. Dec. 17, 2003). We remanded to the trial court for further proceedings.

On May 12, 2004, the State filed a motion for leave to amend its charging information to add a count of dealing in cocaine on May 7, 2002, as a class B felony. Over Owens's objection, the trial court granted the State's motion on May 20, 2004. The trial court certified the case for interlocutory appeal on May 27, 2004, to address whether the State's amendment was permissible, and we accepted jurisdiction on August 10, 2004.

## DISCUSSION AND DECISION

Owens argues that the trial court erred in permitting the State to amend the charging information to include an additional charge. Specifically, he contends that the trial court should be reversed because the State's action constitutes prosecutorial vindictiveness.

---

**1.** Ind.Code § 35–48–4–1(a)(1)(C).

**2.** Ind.Code § 35–41–5–2 & 35–48–4–1(a)(1)(C).

**3.** I.C. § 35–48–4–7(a).

■ The Due Process clauses of Article I, section 12, of the Indiana Constitution and the Fourteenth Amendment to the United States Constitution prohibit prosecutorial vindictiveness. *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *Warner v. State*, 773 N.E.2d 239 (Ind.2002). When addressing a situation factually similar to the one at hand, our supreme court found that:

> when the prosecution has occasion to file more numerous or more severe charges for the same basic criminal conduct against an accused after the accused has successfully exercised his statutory or constitutional rights to an appeal, the prosecution bears a heavy burden of proving that any increase in the number or severity of the charges was not motivated by a vindictive purpose.

*Cherry v. State*, 275 Ind. 14, 414 N.E.2d 301, 305 (1981).

More than two decades later, in *Warner*, our supreme court found that prosecutorial vindictiveness is presumed where more serious charges are brought against a defendant where he had successfully moved for a mistrial.

> We held that the State could not bring more serious charges against the defendant when nothing has occurred except the successful exercise of the right to a fair trial. Elaborating on the holding, Justice Prentice wrote:
>
> > Under such circumstances, fundamental fairness precludes a requirement that Defendant show vindictive motivation or that the State be permitted to show its absence. Were we to hold otherwise, an accused in Defendant's predicament would be required to elect whether he would submit to a trial had without due process of law or to a trial wherein there was

a potential for a much more severe penalty. Our concept of justice simply will not sanction an implicit form of bargaining where the accused must purchase due process of law.

> In other words, unless there is new evidence or information discovered to warrant additional charges, the potential for prosecutorial vindictiveness is too great for courts to allow the State to bring additional charges against a defendant who successfully moves for a mistrial.

*Warner v. State*, 773 N.E.2d 239, 243 (Ind. 2002) (quoting *Murphy v. State*, 453 N.E.2d 219, 223 (Ind.1983)) (internal citations omitted).

■ The rationale of protecting a defendant's right to a fair trial, which justifies the presumption of prosecutorial vindictiveness, is even more compelling in the case of a successful appeal than in the case of a successful motion for a mistrial. This is true because, "[a] person convicted of, or sentenced for, a crime by a court of this state has a constitutional right to appeal that conviction or sentence directly to either" this court or our supreme court. *Miller v. State*, 702 N.E.2d 1053, 1058 (Ind.1998). In order to avoid chilling the exercise of the right to an appeal, we will apply the *Warner* presumption in the case of a successful appeal by a criminal defendant that results in a remand to the trial court for further proceedings.

■ Here, the State conceded at a hearing that there was no new evidence that was going to prejudice Owens. May 13, 2004 Tr. p. 4.[4] Furthermore, the State admitted that the additional charge was brought against Owens because he would not accept the State's plea bargain. The

---

4. The record contains transcripts from both Owens's original trial and from proceedings upon remand. For ease of identification, we will refer to each transcript by its date.

deputy prosecutor, F. Aaron Negangard, stated at the hearing, "There was no result in plea, therefore the State amended." *Id.* at 14. While we appreciate Mr. Negangard's candor, his explanation does not amount to new evidence or information discovered that would warrant the filing of additional charges. Mr. Negangard went on to tell the trial court, "You know, the fact that [Owens] may or may not be able to be subject to another 20 years is, you know that is part of . . . in some situations, you have to be careful of what you ask for." *Id.* at 17. To be sure, defendants do not need to be careful of exercising their right to an appeal. This case illustrates the concern of the *Warner* court; the potential for prosecutorial vindictiveness is simply too great here to allow the State to bring additional charges against Owens after his successful appeal absent the discovery of new evidence.

The judgment of the trial court is reversed and remanded with instructions to dismiss the added charge relating to Owens's activities on May 7, 2002.

SHARPNACK and FRIEDLANDER, JJ., concur.