**Jim & Carol DAILY, Appellants–Petitioners,**

v.

**CITY OF COLUMBUS BOARD OF ZONING APPEALS, Appellee–Respondent.**

**No. 03A05–0810–CV–591.**

Court of Appeals of Indiana.

July 21, 2009.

---

See also, 904 N.E.2d 343.

Michael G. Naville, Stephen T. Naville, Lorch & Naville, LLC, New Albany, IN, Attorneys for Appellants.

Alan L. Whitted, Columbus, IN, Attorney for Appellee.

## OPINION ON REHEARING

KIRSCH, Judge.

Jim and Carol Daily ("the Dailys") have petitioned for rehearing from our opinion in this case, reported as *Daily v. City of Columbus Board of Zoning Appeals,* 904 N.E.2d 343 (Ind.Ct.App.2009), in which we held that the City of Columbus Board of Zoning Appeals ("the BZA") and the trial court erred by finding and concluding that the 2.1–acre lot in Columbus, Indiana that the Dailys are purchasing on contract was illegally created in 1973. We grant the Dailys' petition to clarify our decision in this appeal and write to address the issue of frontage and access.

Section 17.42.100 of the Zoning Ordinance reads as follows:

Every building hereafter erected or moved shall be located on a lot with frontage and access on a public street, or with frontage and access to an approved private street or access easement, and all buildings shall be so located on lots as to provide safe and convenient access, on-site circulation, fire protection, and required off street parking.

*Appellants' App.* at 330. The two options provided for by the Zoning Ordinance with regard to frontage and access, are that every building be located on a lot: 1) with frontage and access on a public street; or 2) frontage and access to an approved private street or access easement.

The trial court's Finding of Fact # 20 states that the "site plan submitted by the Dailys with their applications for both the permanent farm market and temporary farm market indicated that access would be obtained from a private right-of-way located on an adjacent property." *Id.* at 25. Although the Bartholomew County Plan Commission previously had approved the right-of-way, the plat did not indicate that it would be providing access to what is now the Dailys' property. *Id.* at 25–26. The trial court's Finding of Fact # 21 reads as follows:

Columbus Zoning Ordinance Section 17.42.100 states that "Every building hereafter erected shall be located on a lot with frontage and access on a public street, or with frontage and access to an approved private street or access easement." The conclusion that the term "approved" refers to Plan Commission approval is supported by the inclusion of specific requirements for private streets and access easements by Sections 16.24.080, 16.44.040, and 16.24.140(C) of the current Columbus Subdivision Control Ordinance.

*Id.* at 26. Accordingly, if the Dailys were pursuing frontage and access from an approved private street or access easement, they needed to have Plan Commission approval and a re-plat, in addition to the license agreements they had obtained from the owners of the private right-of-way. The Dailys have not received Plan Commission approval for the additional use of

the private right-of-way on the adjacent property.

Moreover, while the trial court found that the Dailys' lot abuts Jonesville Road, a public road, in Bartholomew County, Indiana, *id.* at 27, and arguably has the attribute of "frontage," the 2.1 acre-lot does not have "access" from Jonesville Road. The Dailys could obtain a permit from the Indiana Department of Transportation for the curb cut necessary to provide access to the 2.1–acre lot from Jonesville Road. However, the trial court correctly found that, at present, the 2.1–acre lot does not have frontage and access. Consequently, we summarily affirm the trial court's conclusion that the Dailys must obtain Plan Commission approval for the additional use of the private right-of-way on the adjacent property for frontage and access.

The Dailys' petition for rehearing is granted to clarify our decision in this appeal and to address the issue of frontage and access. The judgment of the trial court is affirmed with respect to the issue of frontage and access, and our original opinion reversing and remanding to the trial court on the issue of the lawfulness of the creation of the 2.1–acre lot is affirmed in all respects.

BAKER, C.J., and NAJAM, J., concur.