## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 15 2018, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Malik Lewis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 15, 2018

Court of Appeals Cause No.
49A02-1706-CR-1291

Appeal from the Marion Superior Court

The Honorable Helen Marchal, Judge

Trial Court Cause No. 49G15-1609-F6-36817

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Malik Lewis (Lewis), appeals his conviction and sentence for escape, a Level 6 felony, Ind. Code § 35-44.1-3-4(b); and theft, a Class A misdemeanor, I.C. § 35-43-4-2(a).

We affirm, but remand with instructions to correct a sentencing error.

# ISSUES

Lewis presents three issues on appeal, which we restate as:

(1) Whether the trial court erred in denying Lewis' motion to dismiss;

(2) Whether there was sufficient evidence to sustain his conviction for theft; and

(3) Whether we should remand this case for correction of a sentencing error.

# FACTS AND PROCEDURAL HISTORY

On New Year's Eve of 2015, Julian Scott (Scott) went to work around 6:30 a.m. and returned home by 7:00 p.m. Scott noticed that a bedroom window was wide open and the screen had been removed. That window had been closed when he left for work that morning. Scott also noticed his son's Sony PlayStation 4 and its controllers, as well as a video game, were missing. Scott called the police. Indianapolis Metropolitan Police Department Officer Michael Sojka (Officer Sojka) was dispatched to Scott's home on Orchard Bloom Drive in Marion County, Indianapolis, Indiana. Because Scott still had the box for the Sony PlayStation 4, Officer Sojka documented the device's serial number and took note of the other missing items. Officer Sojka subsequently

filed an incident report and he recorded the serial number for Scott's stolen Sony PlayStation 4 as MB872526462.

[5] In December of 2015, Lewis was on home detention following his conviction for robbery, and was being monitored by a GPS device maintained by Marion County Community Correction. The conditions of his home detention confined Lewis to his house, unless he was pre-approved by his probation officer to go to work, church, school, or other discretionary places. On January 1, 2016, Lewis had been approved to go to work at Hardee's. Without the permission of his probation officer, Lewis went to Disc Replay at the Greenwood Park Mall in Indianapolis. Disc Replay is a pawn shop that buys and sells used video game systems and video game accessories. There, Lewis sold a Sony PlayStation 4 with serial number MB872526462 and accompanying gaming accessories for $200 in cash.

[6] Following a subsequent police investigation, Detective Cindy Jenkins (Detective Jenkins) of the Indianapolis Metropolitan Police Department's Pawn Unit learned that Lewis had sold a Sony PlayStation 4 with serial number MB872526462 and accompanying gaming accessories to Disc Replay on January 1, 2016. The Sony PlayStation 4 matched the serial number for the Sony PlayStation 4 that had gone missing at Scott's residence on December 31, 2015.

[7] On March 23, 2016, the State filed an Information, charging Lewis with theft, a Class A misdemeanor, with assigned Cause Number 49G24-1603-CM-011184

(CM-11184). The record shows that during the filing process, an error occurred, and CM-11184 was designated as a felony case instead of a misdemeanor case. Based on the error, the State filed a motion to dismiss CM-11184 and refiled the same case as a misdemeanor case under Cause Number 49G19-1603-CM-011187 (CM-11187). On March 30, 2016, under CM-11187, a warrant was issued for Lewis's arrest.

[8] The record shows that Lewis and the State thereafter engaged in plea negotiations for the theft charge, but no agreement was reached. Lewis decided to exercise his right to a jury trial. On September 20, 2016, six days before his trial, the State dismissed the charging Information for the theft charge under CM-11187, and it refiled charges against Lewis, maintaining the Class A misdemeanor theft charge and adding a Level 6 felony escape charge. That case was assigned a new Cause Number, 49G15-1609-F6-036817 (F6-36817). For the additional charge of escape, the State alleged that "[o]n or about January 1, 2016, . . . Lewis did knowingly or intentionally violate a home detention order, to-wit: went to a location(s) without permission of Community Corrections." (Appellant's App. Vol. II, p.22).

[9] On March 14, 2017, Lewis filed a motion to dismiss. Lewis argued that he was prejudiced by the State's dismissal of CM-11187 and the refiling of a new case, *i.e.,* F6-36817, which added the Level 6 felony escape charge. On March 21, 2017, the State filed its response, and it explained the numerous filings under the instant case:

On 3/23/16, Deputy Prosecuting Attorney (DPA) Amy Blackett filed a case against . . . Lewis. [Lewis] was charged with [Class A misdemeanor theft] relating to events that occurred on or about 12/31/15 and 1/1/16. DPA Blackett made an inadvertent error during the computerized filing process and selected "Minor Felony: Other" as the designated Court Division instead of "Misdemeanor" for this new case. Consequently, the computer program randomly assigned [Lewis's] case to a Level 6 Court, specifically, Court G24. Immediately upon realizing her mistake, DPA Blackett set out to correct it. Rather than leave the misdemeanor case in G24, requiring that Court to process the paperwork, conduct the initial hearing, and ultimately transfer the case to a randomly assigned Misdemeanor Court (a process which can take days), DPA Blackett walked a Motion to Dismiss over to G24 on the same date of the filing. The Motion to Dismiss stated "Prosecutor Error" as the reason for dismissal.

DPA Blackett then filed the [Class A misdemeanor theft] case correctly against [Lewis] by selecting the appropriate Court Division of "Misdemeanor" in the new filing, also on 3/23/16. As such, State of Indiana v. Malik Lewis, cause number 49G19-1603-CM-011187 came to be in [Courtroom] G19. A warrant was issued for [Lewis's] arrest upon filing, and on 3/30/16 that warrant was served.

****

On 9/20/16, the State dismissed cause number 49G19-1603-CM-011187. Also on 9/20/16, the State refiled a case against . . . Lewis under cause number 49G15-1609-F6-036817. The charges filed were [escape, a Level 6 felony] and [theft, a Class A misdemeanor]. Both charges stem from events that occurred on or about 12/31/15 and 1/1/16. As there was a Level 6 Felony charge attached to this case, it was . . . randomly assigned Level 6 court.

(Appellant's App. Vol. II, pp. 57-58). On March 24, 2017, the trial court held a hearing on the motion to dismiss, but it was denied. On May 10, 2017, a jury trial was conducted, and at the close of the evidence, the jury returned guilty verdicts for the Class A misdemeanor theft and Level 6 felony escape. On May 25, 2017, the trial court sentenced Lewis to concurrent sentences of 496 days for escape and 365 days for theft, to be served in the Marion County Jail.

[10] Lewis now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Motion to Dismiss*

[11] Lewis contends that the trial court erred in denying his motion to dismiss the refiling of the Class A misdemeanor theft offense and the addition of Level 6 felony escape charge in cause number F6-36817. It is well-settled that a defendant has the burden of proving, by a preponderance of the evidence, all facts necessary to support a motion to dismiss. *Griffin v. State*, 756 N.E.2d 572, 574 (Ind. Ct. App. 2001), *trans. denied*. Because Lewis now appeals from a negative judgment, we will reverse only if the evidence is without conflict and leads inescapably to the conclusion that he is entitled to a dismissal. *Barnett v. State*, 867 N.E.2d 184, 186 (Ind. Ct. App. 2007), *trans. denied*.

[12] As noted, in the original filing, CM-11184, the State only charged Lewis with Class A misdemeanor theft; however, the prosecutor in charge of that filing made a filing error which resulted in the dismissal of CM-11184, and refiling of that same theft charge under CM-11187. Six days before trial under CM-11187,

the State sought to dismiss the theft charging information, and refiled it under F6-36817, again charging Lewis with the same theft charge and also added a charge of Level 6 felony escape. Lewis contends that the State's move to add the escape charge upon refiling amounted to prosecutorial vindictiveness.

[13] The Due Process clauses of Article I, section 12, of the Indiana Constitution and the Fourteenth Amendment to the United States Constitution prohibit prosecutorial vindictiveness. *Owens v. State,* 822 N.E.2d 1075, 1077 (Ind. Ct. App. 2005). Prosecutorial vindictiveness is a due process concept, allowing a defendant to attempt to establish that the State's charging decision was motivated by a desire to punish a defendant after the defendant did what the law allowed him to do. *United States v. Goodwin*, 457 U.S. 368, 384 (1982).

[14] Under Indiana Code section 35-34-1-13, the prosecutor may move for the dismissal of the information at any time prior to sentencing. So long as the motion states a reason for the dismissal, the trial court must grant the motion. *Davenport v. State*, 689 N.E.2d 1226, 1229 (Ind. 1997). Once an information has been dismissed by the State under Indiana Code section 35-34-1-13, the State may refile an information against the defendant, subject to certain restrictions. *Id*. Indiana courts have long held that the State may refile for the same offense so long as jeopardy has not already attached. *Id*. Indiana courts have also long held that the State's power to dismiss and refile may not be used to evade the defendant's speedy trial rights. *Id*. The State may not use its authority to dismiss and refile charges if doing so will prejudice a defendant's substantial rights. *Id*.

[15] In his brief, Lewis asserts that "[a]t all times in this case, the State was certainly aware that [he] was on home detention when he went to Disc Replay store, but it was only when it became apparent that [he] was not going to plead guilty to the theft" charge, and "a jury trial was . . . six days away," that the State added the escape charge as a punitive measure. (Appellant's Br. p. 15). This portion of Lewis' brief contains no citations to any authority indicating that filing charges for such purposes is improper; in fact, the United States Supreme Court has indicated otherwise.

[16] In *Bordenkircher v. Hayes*, 434 U.S. 357, 364-65 (1978), the Supreme Court held that the government was not precluded from amending an indictment to add more serious charges after the defendant had refused to plead guilty, despite the fact that the prosecutor had not received any new evidence after the original indictment was filed. *See also Johnson v. State,* 959 N.E.2d 334, 342 (Ind. Ct. App. 2011) (holding that pre-trial action by the State, including amendment of a charge is presumptively valid).

[17] Similarly, in *U.S. v. Goodwin*, 457 U.S. 368, 383 (1982), the Court held that there is no presumption of vindictiveness when a prosecutor adds more serious charges to an indictment after the defendant demands a jury trial. The court observed:

> A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in the prosecution. An initial decision should not freeze future conduct. As we made clear in *Bordenkircher*, the initial

> charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution.

*Goodwin*, 457 U.S. at 382. Additionally, "[t]o presume that every case is complete at the time an initial charge is filed, however, is to presume that every prosecutor is infallible—an assumption that would ignore the practical restraints imposed by often limited prosecutorial resources." *Id.* at 382 n.14.

[18] Applying the *Bordenkircher* and *Goodwin* holdings, it is clear that the State's filing of charges subsequent to a breakdown in plea negations does not constitute retaliation for a defendant's exercise of his right to trial. Turning to the record, we note that Lewis and the State engaged in plea negotiations for the Class A misdemeanor theft charge under CM-11187. No plea agreement was reached, and Lewis ultimately decided to exercise his right to a jury trial. Six days before his trial, the State dismissed the single Count of theft and refiled charges against Lewis, maintaining the Class A misdemeanor theft charge and adding the Level 6 felony escape charge. During the hearing on the motion to dismiss, the State responded to the allegations of vindictiveness by offering evidence that the State and Lewis had engaged in futile plea negotiations. The State also testified that Lewis was aware during the plea-bargaining process that his rejection of the State's offer to plead guilty to the theft charge might result in an amended information adding the escape charge. Lewis rejected the State's offer with full awareness of its terms and possible consequences, and he elected to proceed to trial.

[19] Lewis has not shown that the State's decision to add the escape charge upon refiling was the result of prosecutorial vindictiveness. Thus, the trial court did not err in denying his motion to dismiss.

## II. *Sufficiency of the Evidence*

[20] Lewis argues that the State failed to present sufficient evidence beyond a reasonable doubt to sustain his Class A misdemeanor theft conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id*.

[21] Indiana Code section 35-73-4-2(a) provides, in part, that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class A misdemeanor.

[22] At Lewis' trial, a Disc Replay employee was asked to read the serial number displayed on State's Exhibit 4. The Disc Replay's employee then incorrectly read the serial number for the Sony PlayStation 4 as "MB872526416." (Tr. Vol. II, p. 197). Lewis, now contends that serial number MB872526416 as read

by Disc Replay's employee, did not match serial number MB872526462, which was the serial for Scott's stolen PlayStation 4. He argues that

> the records at the Disc Replay store showed that the PS4 sold to them by Lewis bore the serial number MB872526462 . . . .The PS4 recovered by the police bore the serial number MB872526462 . . . And the photograph of the serial number of the PS4 introduced [as State's Exhibit 4] bore the serial number MB872526462.

(Appellant's Br. p. 18). Based on the discrepancy of the serial numbers, he posits that the State failed prove the Sony PlayStation 4 that he sold to Disc Replay was identical to one stolen from Scott's residence.

[23] The evidence demonstrates that on December 31, 2015, Officer Sojka was dispatched to Scott's residence to investigate a possible burglary. Officer Sojka noted the serial number for the missing for Sony PlayStation 4 as MB872526462. Following a police investigation, Detective Jenkins of the Pawn Unit, learned that Lewis had pawned a Sony PlayStation 4 with the same serial number, *i.e.*, MB872526462, and accompanying gaming accessories at Disc Replay on January 1, 2016. Lewis had received $200 in return. Based on the foregoing, we conclude that the State provided sufficient evidence beyond a reasonable doubt to convict Lewis of Class A misdemeanor theft.

### III. *Sentencing Error*

[24] Lastly, Lewis contends that it is necessary to remand this case for correction of the sentencing order. With respect to a sentencing error, "it is in the best interests of all parties that sentencing errors be immediately discovered and

corrected." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). In general, such errors are most appropriately presented in a motion to correct error or in a direct appeal from the sentencing judgment. *Id.*

The trial court in this case sentenced Lewis to 365 days for his Class A misdemeanor theft conviction. *See* I.C. §35-50-3-2 (setting the sentence for a Class A misdemeanor up to one year.) However, in the sentencing order, the trial court entered Lewis's sentence for his theft conviction as 496 days instead of 365 days. Based on the clerical error, we remand to the trial court for an amendment of the sentencing order so as to reflect Lewis's correct sentence for his Class A misdemeanor theft as 365 days.

# CONCLUSION

In sum, we conclude that the trial court did not err in denying Lewis's motion to dismiss; there was sufficient evidence to sustain Lewis' theft conviction; however, based on the clerical error espoused in the sentencing order, we remand to the trial court for correction.

Affirmed.

Baker, J. and Brown, J. concur