

FILED
Nov 03 2025, 8:44 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court


# IN THE
# Court of Appeals of Indiana

Catherine Adkins,

*Appellant-Petitioner*

v.

State of Indiana,

*Appellee-Respondent*

---

November 3, 2025

Court of Appeals Case No.
25A-PC-438

Appeal from the Wayne Superior Court

The Honorable Gregory A. Horn, Judge

Trial Court Cause No.
89D02-2102-PC-1

---

**Opinion by Judge Weissmann**
Judges Bailey and Brown concur.

**Weissmann, Judge.**

[1] After an infant in her care died, Catherine Adkins was convicted at a bench trial of neglect of a dependent and sentenced to 30 years. From prison, she allegedly wrote letters appearing to confess to murder. When Adkins later sought post-conviction relief claiming denial of a jury trial, the State warned it would file murder charges if her conviction were vacated. Because murder carries a minimum sentence 15 years longer than her current sentence, Adkins sought a declaratory judgment that Indiana Post-Conviction Rule 1(10) —a rule limiting when a court may impose a harsher sentence after post-conviction relief— would cap any future sentence at 30 years. The court disagreed and Adkins appeals.

[2] Adkins misreads P-C.R. 1(10). The rule guards against judicial retaliation by barring a harsher sentence only when a defendant is resentenced for *the same offense* after post-conviction relief. It does not apply when the State, acting in good faith on newly discovered evidence, prosecutes *a different offense*. If Adkins is convicted of murder, the court must impose a sentence within that offense's statutory range, even if it exceeds her original 30-year sentence. We affirm.

## Facts

[3] In October 2015, eleven-month-old K.S. died while in Adkins's care. She told doctors she tripped while holding the child, but medical evidence showed multiple injuries consistent with inflicted blunt-force trauma, and the pathologist ruled the death a homicide.

[4] Adkins was convicted at a bench trial of neglect of a dependent resulting in death and sentenced to 30 years, with 10 years suspended. This Court affirmed in an unpublished decision. *Adkins v. State*, 146 N.E.3d 363 (Ind. Ct. App. 2020) (mem.). Adkins then sought post-conviction relief, alleging ineffective assistance of counsel for failing to preserve her jury trial right.

[5] On the day of the hearing, the State disclosed about 80 letters Adkins allegedly had written, in which she appeared to confess to murdering the child. The prosecutor warned that if her neglect conviction were vacated, the State would charge her with K.S.'s murder based on the new evidence.

[6] Adkins obtained a continuance and sought a declaratory judgment on the sentence she could face if charged with murder. She relied on Indiana P-C.R. 1(10), which bars a court from imposing a harsher sentence after a defendant wins post-conviction relief unless the court relies on post-sentencing conduct or the original conviction arose from a plea agreement. Adkins argued that because her situation does not fall within either of the exceptions, the rule would cap any new sentence at 30 years, even for murder.

[7] The court disagreed, declaring that P-C.R. 1(10) does not require strict adherence when newly discovered evidence supports a new, higher-level charge and that the sentencing court may impose a more severe penalty if such a conviction results. Adkins appeals.

## Discussion and Decision

[8] The purpose of a declaratory judgment "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." Ind. Code § 34-14-1-12. The PC Court entered judgment adverse to Adkins who bore the burden below. Thus, she appeals from a negative judgment and must show that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Hinojosa v. Bd, of Pub. Works & Safety for City of Hammond, Ind.*, 789 N.E.2d 533, 542 (Ind. Ct. App. 2003). However, the interpretation of a court rule like P-C.R. 1(10) presents a pure question of law, which we review de novo. *Kelly v. State*, 257 N.E.3d 782, 792 (Ind. 2025).

[9] We interpret court procedural rules under the same principles applicable to statutory construction with the goal of ascertaining the intent of the drafter by giving effect to the ordinary and plain meaning of the language used. *Indianapolis Newspapers, Inc. v. Miller*, 980 N.E.2d 852, 860 (Ind. Ct. App. 2012); *Daily v. City of Columbus Bd. of Zoning Appeals*, 904 N.E.2d 343, 345 (Ind. Ct. App. 2009). If a rule is unambiguous, the courts must apply the plain language "despite perhaps strong policy or constitutional reasons to construe the [rule] in some other way." *Brownsburg Area Patrons Affecting Change v. Baldwin*, 714 N.E.2d 135, 139 (Ind. 1999) (quotations omitted).

## I.    The Parties' Arguments Conflate Distinct Legal Issues

[10] The parties frame the question as whether P-C.R. 1(10) contains an implicit exception for newly discovered evidence permitting both new prosecution and a higher sentence. That framing incorrectly assumes P-C.R. 1(10) governs not only judicial sentencing but also prosecutorial charging decisions—two distinct legal spheres. Conflating them creates a false dilemma.

[11] Adkins maintains that because P-C.R. 1(10) contains no exception for newly discovered evidence, any new conviction after post-conviction relief could not result in a sentence exceeding her existing 30-year term. The State argues there must be an exception allowing both the charges and proper sentencing but struggles to find textual support for such an exception in P-C.R. 1(10).

[12] Both parties misread the rule. P-C.R. 1(10) addresses only judicial sentencing authority after post-conviction relief, not the prosecutor's discretion to charge a new offense. When the State acts in good faith on newly discovered evidence to bring a different and more serious charge, the rule does not apply. If Adkins is convicted of murder, the court would be obligated to sentence within the statutory range for murder.

## III.   P-C.R. 1(10) Does Not Limit Charging Authority

[13] Whether the State can prosecute Adkins for murder after her neglect conviction is vacated turns on principles of prosecutorial discretion and constitutional due process, not P-C.R. 1(10). Prosecutors possess broad discretion to decide whom

and what to charge. *Coy v. State*, 999 N.E.2d 937, 945-46 (Ind. Ct. App. 2013) (quotations omitted). This discretion includes authority to file charges supported by evidence, even if delayed after probable cause arises. *See Hill v. State*, 92 N.E.3d 1105, 1110-12 (Ind. 2018).

[14] The primary constraint on prosecutorial discretion is the ban on vindictive prosecution, derived from the Due Process Clause of the Fourteenth Amendment and article 1, section 12 of the Indiana Constitution. *Blackledge v. Perry*, 417 U.S. 21, 27-28 (1974); *Owens v. State*, 822 N.E.2d 1075, 1077 (Ind. Ct. App. 2005). As our Supreme Court has observed: "[W]hen the prosecution has occasion to file more numerous or more severe charges for the same basic criminal conduct against an accused after the accused has successfully exercised his statutory or constitutional rights to an appeal, the prosecution bears a heavy burden of proving that any increase in the number or severity of the charges was not motivated by a vindictive purpose." *Cherry v. State*, 414 N.E.2d 301, 305 (Ind. 1981). Newly discovered evidence, however, can rebut the presumption of vindictiveness. *Owens*, 822 N.E.2d at 1077.[1]

---

[1] The existence of prosecutorial vindictiveness against Adkins is not before us on appeal. Nor are we tasked with deciding whether Adkins's letters constitute newly discovered evidence justifying a more severe charge of murder. We offer no opinion on whether Adkins will have a good faith claim for prosecutorial vindictiveness or, if she does, whether the State could overcome the presumption of vindictiveness.

[15] The constitutional protection against vindictiveness operates independently of P-C.R. 1(10), which addresses judicial vindictiveness in resentencing for the same offense after post-conviction relief. In relevant part, it provides:

> (a) If prosecution is initiated against a petitioner who has successfully sought relief under this rule and a conviction is subsequently obtained, or
>
> (b) If a sentence has been set aside pursuant to this rule and the successful petitioner is to be resentenced, then **the sentencing court** shall not impose a more severe penalty than that originally imposed unless the court includes in the record of the sentencing hearing a statement of the court's reasons for selecting the sentence that it imposes which includes reliance upon identifiable conduct on the part of the petitioner that occurred after the imposition of the original sentence, and the court shall give credit for time served.

P-C.R. 1(10) (emphasis added).

[16] Thus P-C.R. 1(10)'s text confirms its limited reach, explicitly constraining "the sentencing court," not the prosecutor. The rule prevents judges from increasing a sentence as retribution for a defendant's success on post-conviction review. It does not restrict the State's authority to file new or more serious charges based on newly discovered evidence.

## IV. P-C.R. 1(10) Does Not Limit Sentencing in this Context

[17] Having established that the State may increase the severity of a criminal charge when supported by newly discovered evidence, we next consider whether P-

C.R. 1(10) limits the court's ability to impose a greater sentence following conviction for a more serious crime. The rule imposes no such limitation.

[18] According to Adkins, P-C.R. 1(10) permits a harsher sentence only when: (1) the sentencing court relies on conduct occurring after the original sentencing, or (2) the original sentence resulted from plea bargaining. Adkins claims neither circumstance applies here. She did not plead guilty, and her alleged prison letters describe conduct that occurred before her original sentencing. Thus, in Adkins's view, because neither circumstance within P-C.R. 1(10) applies, any new sentence exceeding 30 years would violate the rule.

[19] Adkins misinterprets her circumstances. When the State prosecuted Adkins for neglect, it presumably did so based on the belief that they could prove only neglect led to K.S.'s death. The later-discovered letters allegedly revealed an intentional killing—a different offense altogether. If the State prosecutes this different offense and a court later sentences Adkins for murder after a properly conducted trial, the court would not be "resentencing" Adkins for neglect but sentencing her for murder—a distinct offense with its own statutory penalties.

[20] That Adkins can face greater punishment in this scenario accords with Indiana Code § 35-50-1-5, which expressly authorizes "a more severe penalty than that originally imposed" after a successful post-conviction proceeding, while requiring credit for time served. Our Supreme Court has viewed P-C.R. 1(10) and Indiana Code § 35-50-1-5 as complementary: the statute confers authority

and the rule provides the procedural conditions for exercising it. *Linthicum v. State*, 511 N.E.2d 1026, 1029 (Ind. 1987). [2] Together they permit harsher sentences in appropriate circumstances, consistent with the Legislature's exclusive power to define crimes and fix penalties. *See Shepherd v. State*, 157 N.E.3d 1209, 1222 (Ind. Ct. App. 2020) (finding that "[t]he Legislature has the exclusive authority to define crimes and establish penalties."). [3]

[21] And although our Supreme Court has not addressed the exact scenario presented in this appeal, its precedent supports this interpretation. The Court's emphasis in *Linthicum* on procedural rather than substantive limits—that is, Indiana Code § 35-50-1-5 authorizes "a more severe penalty" following post-conviction relief while P-C.R. 1(10) supplies only "the procedural conditions" for such sentences —indicates that properly pursued charges based on newly discovered evidence fall within permissible prosecutorial discretion. 511 N.E.2d at 1029.

---

[2] Although *Linthicum* was decided under a pre-1985 version of P-C.R. 1(10) that lacked any exceptions to the rule's prohibition against harsher penalties after successful post-conviction litigation, *see id.* at 1028, the now-amended rule and Indiana Code § 35-50-1-5 remain connected. The broad language of P-C.R. 1(10) and Indiana Code § 35-50-1-5 coalesce to allow harsher sentences under certain circumstances when the defendant is convicted after successfully petitioning for post-conviction relief.

[3] Adkins relies on *Dean v. State*, 499 N.E.2d 185 (Ind. 1986), for the proposition that P-C.R. 1(10) caps sentences even when a defendant is convicted of a greater offense following successful post-conviction relief. But *Dean* does not control here. In *Dean*, our Supreme Court applied the pre-1986 version of P-C.R. 1(10), which contained no exceptions and was decided before the General Assembly enacted Indiana Code § 35-50-1-5 authorizing harsher sentences after successful post-conviction relief. Soon after that statutory enactment, our Supreme Court amended P-C.R. 1(10) to create exceptions, rendering the rule and statute "consistent." *Linthicum v. State*, 511 N.E.2d 1026, 1029 (Ind. 1987). Because *Dean* was decided under a materially different legal framework—before the statute authorizing harsher penalties and while the no-exceptions version of P-C.R. 1(10) was in effect—it does not dictate the result here.

In *Bates v. State*, 426 N.E.2d 404, 406 (Ind. 1981), the Court similarly ruled that P-C.R. 1(10) applies to crimes "flowing from the occurrences that gave rise to the initial charges and of which the State had . . . pertinent information and an opportunity to charge." That limiting language implies an exception for evidence discovered after the original proceedings. And in *Ballard v. State*, 318 N.E.2d 798, 809-10 (Ind. 1974), this Court recognized that an earlier version of P-C.R. 1(10) risked unjust windfalls, a problem later cured by statutory amendment and the rule's current exceptions, as recognized in *Linthicum*. 511 N.E.2d at 1029.

In sum, if Adkins is subsequently convicted of murder based on newly discovered evidence, any resulting sentence must fall within the statutory range for that offense. P-C.R. 1(10) neither bars the State from seeking such a conviction nor caps the permissible sentence at 30 years.

## V. The Court's Declarations Are Substantially Correct

With these principles in mind, we turn to the trial court's judgment, which contains three separate declarations. Viewed collectively and with due regard for the trial court's thoughtful effort to address an unsettled question, the declarations are sound but blur the distinction between prosecutorial and judicial functions.

## A. Declaration 1

The trial court's first declaration states:

> Following a successful Petition for Post-Conviction Relief, conduct on the part of the defendant that was discovered *after* the imposition of the original sentence but *occurred before* the imposition of the original sentence may be relied upon by the sentencing court for a *new, amended charge of higher-level felony* to impose more severe penalty than that which was previously given by the Court on the lower-level felony.

App. Vol. II, p. 135 (emphasis in original).

[26] The phrase *"relied upon by the sentencing court for a new, amended charge"* might be understood to give the sentencing court authority to initiate new charges—a power reserved to the prosecutor. Even so, the declaration's substantive conclusion is correct. If the State files a higher-level felony charge based on newly discovered evidence after post-conviction relief, the sentencing court may impose a penalty prescribed for that offense. *See Warner v. State,* 773 N.E.2d 239, 243 (Ind. 2002) (holding that new charges may follow discovery of new evidence); *see also Hull v. State*, 839 N.E.2d 1250, 1255–56 (Ind. Ct. App. 2005) (upholding a harsher penalty supported by newly discovered evidence).

## B.   Declaration 2

[27] The second declaration provides:

> Strict adherence to Post-Conviction Rule 1, Section 10 is not required when conduct on the part of the defendant that was discovered *after* the imposition of the original sentence but *occurred before* the imposition of the original sentence, and a *new amended charge for higher felony* is brought against the defendant based upon such conduct.

App. Vol. II, p. 135 (emphasis in original).

[28]   This declaration correctly recognizes that newly discovered evidence may support a higher-level felony charge and a correspondingly greater sentence, but its wording could invite misinterpretation. First, by saying "strict adherence" to P-C.R. 1(10) "is not required," the declaration suggests that the rule applies to this situation but allows flexibility in its enforcement. In fact, P-C.R. 1(10) does not apply when the State files a new, higher-level charge supported by later-discovered evidence. Second, the phrasing might be read to improperly imply judicial discretion to depart from the rule.

[29]   Properly understood, the trial court's substantive conclusion is correct. When the State, acting in good faith, files a higher-level felony charge based on newly discovered evidence, P-C.R. 1(10) does not limit the resulting sentence.

## C.   Declaration 3

[30]   The trial court's third declaration stated:

> If Adkins' Petition for Post-Conviction Relief is granted, and if conviction is subsequently obtained, conduct on the part of Adkins that was discovered *after* the imposition of the original sentence but *occurred before* the imposition of the original sentence, may be relied upon by the sentencing court on *new, amended charge of a higher-level felony* to impose more severe penalty than that which was originally imposed by the sentencing court on the lower-level felony; i.e., sentence that is greater than an executed term of thirty (30) years with ten (10) years suspended to probation, or requirement that Adkins register as violent offender under I.C. 11-8-8-7.

App. Vol. II, p. 135 (emphasis in original).

[31] This declaration suffers from the same imprecise language as Declarations 1 and 2, again conflating prosecutorial charging decisions with the court's sentencing role. The phrase "relied upon by the sentencing court on new, amended charge" may be read to suggest a judicial role in charging, obscuring the key point: P-C.R. 1(10) simply does not apply when the State prosecutes a different offense based on newly discovered evidence.

[32] Properly understood, however, the trial court reached the correct result in its declarations: if Adkins is convicted of a new, higher-level felony based on newly discovered evidence, the sentencing court must impose a sentence within the statutory range for that offense, giving credit for time served as required by law.

## Conclusion

[33] P-C.R. 1(10) limits a court's authority to resentence a defendant for the *same offense* after post-conviction relief. It neither curtails the State's authority to file a new charge based on new evidence nor restricts the sentencing court from applying the proper statutory range to that conviction. Because the trial court's declarations accurately reflect these principles, we affirm.

Bailey, J., and Brown, J., concur.

ATTORNEYS FOR APPELLANT

Amy E. Karozos
Public Defender of Indiana

James T. Ackllin
Chief Deputy Public Defender
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana